UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE OWEN

05 CV 8903

---------------------------------------------------------x

SHIRE LABORATORIES INC.,

               Plaintiff,

       v.

BARR LABORATORIES, INC.

       and

IMPAX LABORATORIES, INC.,

               Defendants.

---------------------------------------------------------x

Civil Action No. _____

RECEIVED
OCT 19 2005
U.S.D.C. S.D.N.Y.
CASHIERS

## COMPLAINT

Plaintiff Shire Laboratories Inc. ("Shire"), by its attorneys, for its Complaint, alleges as follows:

### Nature of the Action

1. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202. Shire seeks declaratory relief, i.e., declarations that the patent in suit is infringed, and injunctive relief precluding infringement.

### Jurisdiction and Venue

2. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## The Parties

4. Shire is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1550 East Gude Drive, Rockville, Maryland 20850.

5. Upon information and belief, defendant Barr Laboratories, Inc. ("Barr") is a corporation organized and existing under the laws of the State of New York, and has a place of business at 2 Quaker Road, P.O. Box 2900, Pomona, New York 10970. Upon information and belief, Barr transacts business in New York and contracts to supply goods and services in New York.

6. Upon information and belief, defendant Impax Laboratories, Inc. ("Impax") is a corporation organized and existing under the laws of the State of Delaware, and has a place of business at 30831 Huntwood Avenue, Hayward, California 94544. Upon information and belief, Impax transacts business in New York and contracts to supply goods and services in New York.

## Background

7. On July 5, 2005, the United States Patent and Trademark Office ("PTO") duly and legally issued United States Patent No. 6,913,768 ("the '768 patent"), entitled "Sustained Release Delivery of Amphetamine Salts." Shire has owned the '768 patent since its issuance. A true and correct copy of the '768 patent is attached as **Exhibit A**.

8. The '768 patent claims, *inter alia*, a pharmaceutical composition comprising a once-a-day sustained release formulation of at least one or more pharmaceutically active amphetamine salts.

### First Count for a Declaration that Barr Infringes the '768 Patent

9. Shire repeats and alleges paragraphs 1 through 8 above as if fully set forth herein.

10. Upon information and belief, Barr submitted Abbreviated New Drug Application ("ANDA") No. 76-536 ("Barr's ANDA") to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. §355(j)) seeking approval to engage in the commercial manufacture and sale of capsules containing a mixture of four amphetamine salts at the 5 mg, 10 mg, 15 mg, 20 mg, 25 mg and 30 mg strengths.

11. Upon information and belief, Barr's commercial manufacture, use, sale, offer for sale, or importation into the United States of capsules according to ANDA 76-536 will infringe one or more claims of the '768 patent.

12. Barr submitted ANDA 76-536 to the FDA before January 14, 2003. Upon information and belief, the FDA has been reviewing Barr's ANDA and may approve Barr's ANDA at any time.

13. Shire maintains, and Barr denies, that Barr is liable for infringement of the '768 patent.

14. Barr has sent Shire numerous letters following the issuance of the '768 patent outlining why it believes it is not liable. A representative sample is attached as **Exhibit B**.

15. There is an actual and justiciable controversy between Shire and Barr regarding whether Barr's commercial manufacture, use, sale, offer for sale, or importation into the United States of capsules according to ANDA 76-536 will infringe one or more claims of the '768 patent.

16. Shire is entitled to a declaration that the making, use, sale, offer for sale, and importation into the United States of capsules according to ANDA 76-536 infringe one or more claims of the '768 patent.

17.     Upon information and belief, Barr has been aware of the existence of the '768 patent, making the acts of infringement alleged above deliberate and willful, and thus rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

18.     Barr's infringement of the '768 patent will cause Shire to suffer irreparable harm. Barr's infringement will occur unless enjoined by the Court. Shire has no adequate remedy at law and is entitled to preliminary and permanent injunctions prohibiting Barr from infringing the '768 patent.

## Second Count for a Declaration that Impax Infringes the '768 Patent

19.     Shire repeats and alleges paragraphs 1 through 8 above as if fully set forth herein.

20.     Upon information and belief, Impax submitted Abbreviated New Drug Application ("ANDA") No. 76-852 ("Impax's ANDA") to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. §355(j)) seeking approval to engage in the commercial manufacture and sale of capsules containing a mixture of four amphetamine salts at the 5 mg, 10 mg, 15 mg, 20 mg, 25 mg and 30 mg strengths.

21.     Upon information and belief, Impax's commercial manufacture, use, sale, offer for sale, or importation into the United States of capsules according to ANDA 76-852 will infringe one or more claims of the '768 patent.

22.     Impax submitted ANDA 76-852 to the FDA before December 1, 2004. Upon information and belief, the FDA has been reviewing Impax's ANDA and may approve Impax's ANDA at any time.

23.     Shire maintains, and Impax denies, that Impax is liable for infringement of the '768 patent.

4

24. Impax has sent Shire numerous letters following issuance of the '768 patent outlining why it is believes it is not liable. A representative sample is attached as **Exhibit C**.

25. There is an actual and justiciable controversy between Shire and Impax regarding whether Impax's commercial manufacture, use, sale, offer for sale, or importation into the United States of capsules according to ANDA 76-852 will infringe one or more claims of the '768 patent.

26. Shire is entitled to a declaration that the making, use, sale, offer for sale, and importation into the United States of capsules according to ANDA 76-852 infringe one or more claims of the '768 patent.

27. Upon information and belief, Impax has been aware of the existence of the '768 patent, making the acts of infringement alleged above deliberate and willful, and thus rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

28. Impax's infringement of the '768 patent will cause Shire to suffer irreparable harm. Impax's infringement will occur unless enjoined by the Court. Shire has no adequate remedy at law and is entitled to preliminary and permanent injunctions prohibiting Impax from infringing the '768 patent.

### Prayer for Relief

WHEREFORE, plaintiff respectfully requests the following relief:

(a) A judgment declaring that capsules according to Barr's ANDA No. 76-536 infringe the '768 patent;

(b) A judgment declaring that Barr's infringement of the '768 patent was willful;

(c) A judgment preliminarily and permanently enjoining Barr and its officers,

5

agents, servants, employees and attorneys, and those persons in active concert or participation or privity with them or any of them, from engaging in the commercial manufacture, use, offer to sell or sale within the United States or importation into the United States of capsules according to ANDA 76-536 until the expiration of the '768 patent;

(d) A judgment awarding Shire damages or other monetary relief, pursuant to 35 U.S.C. § 284, if Barr commercially manufactures, uses, offers for sale, sells or imports any capsules according to ANDA 76-536;

(e) A judgment declaring that capsules according to Impax's ANDA No. 76-852 infringe the '768 patent;

(f) A judgment declaring that Impax's infringement of the '768 patent was willful;

(g) A judgment preliminarily and permanently enjoining Impax and its officers, agents, servants, employees and attorneys, and those persons in active concert or participation or privity with them or any of them, from engaging in the commercial manufacture, use, offer to sell or sale within the United States or importation into the United States of capsules according to ANDA 76-852 until the expiration of the '768 patent;

(h) A judgment awarding Shire damages or other monetary relief, pursuant to 35 U.S.C. § 284, if Impax commercially manufactures, uses, offers for sale, sells or imports any capsules according to ANDA 76-852;

(i) A judgment declaring that, pursuant to 35 U.S.C. § 285, this is an exceptional case and awarding Shire its attorneys' fees;

(j) A judgment awarding Shire its costs and expenses in this action; and

6

(k)     A judgment awarding Shire such other and further relief as this Court deems just and proper.

### Jury Demand

Plaintiff requests a trial by jury of all issues in this action.

Dated: New York, New York
October 19, 2005

By: /s/ Edgar H. Haug

Edgar H. Haug (EH 6243)
Steven M. Amundson (SA 0980)
Porter F. Fleming (PF 1510)
Sandra Kuzmich (SK 5484)
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500

Attorneys for Plaintiff, Shire Laboratories Inc.

7