IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IMPAX LABORATORIES, INC.,

    Plaintiff,

v.

SHIRE LABORATORIES INC.,

    Defendant.

Civil Action No. 05-772-GMS

## SHIRE LABORATORIES INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS AND/OR TRANSFER

Of Counsel:
Edgar H. Haug
Steven M. Amundson
Porter F. Fleming
Sandra Kuzmich
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

Attorneys for Defendant
*Shire Laboratories Inc.*

December 22, 2005

## TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDINGS ..................................................... 1

II. SUMMARY OF THE ARGUMENT ........................................................................... 2

III. STATEMENT OF THE FACTS ................................................................................... 3

    A. Shire's NDA, Patents and Adderall XR® Products ........................................... 3

    B. The Ongoing '819 and '300 Patent New York Actions ..................................... 3

    C. The Ongoing '819 and '300 Patent Delaware Action ....................................... 4

    D. The First-Filed '768 Patent New York Action ................................................. 5

    E. The '768 Patent Delaware Action .................................................................... 5

IV. ARGUMENT ............................................................................................................... 6

    A. The Impax Complaint for Declaratory Judgment Should Be Dismissed in Favor of Shire's Earlier-Filed Action ........................................ 6

        1. The First-Filed Rule Requires that This Court Decline Jurisdiction over the Present Dispute ................................................ 7

        2. This Court Should Decline to Hear a Second-Filed Declaratory Judgment Action .................................................................. 8

    B. In the Alternative, This Court Should Transfer the Delaware Action to the Southern District of New York ............................................................... 9

        1. Both the Private and Public Interests Dictate that the Delaware Action Be Transferred to the Southern District of New York ............................................................................................ 10

            a. The Public Interest Weighs in Favor of Transfer ............... 10

            b. The Private Interests Weigh in Favor of Transfer .............. 11

    C. Exceptional Circumstances Do Not Exist in the Present Case ...................... 11

        1. Shire Had Sound Reasons for Bringing the First-Filed Action in the Southern District of New York ............................................. 12

        2. Impax Would Not Be Inconvenienced by Dismissal or Transfer ................................................................................................ 12

V. CONCLUSION ........................................................................................................... 14

i

RLF1-2961714-1

# TABLE OF AUTHORITIES

**Cases**

*3Com Corp. v. D-Link Systems, Inc.*,
　No. 03-014 (GMS), 2003 U.S. Dist. LEXIS 7120
　(D. Del. Apr. 25, 2003) ..................................................................................................11

*APV N. Am., Inc. v. SIG Simonazzi N. Am., Inc*,
　295 F. Supp. 2d 393 (D. Del. 2002) ...............................................................................10

*Arrow Comm. Labs., Inc. v. John Mezzalingua Assocs. Inc.*,
　No. 05-357 (SLR), 2005 U.S. Dist. LEXIS 25004
　(D. Del. Oct. 26, 2005) ...................................................................................................12

*Chrysler Capital Corp. v. Woehling*,
　663 F. Supp. 478 (D. Del. 1987) ....................................................................................10

*Corixa Corp. v. IDEC Pharms. Corp.*,
　No. 01-615 (GMS), 2002 U.S. Dist. LEXIS 2980
　(D. Del. Feb. 25, 2002) ...............................................................................................6, 11

*Crosley Corp. v. Hazeltine Corp.*,
　122 F.2d 925 (3d Cir. 1941) .............................................................................................7

*Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*,
　130 F.2d 474 (3d Cir. 1942) .......................................................................................7, 11

*EEOC v. Univ. of Pa.*,
　850 F.2d 969 (3d Cir. 1988) ...........................................................................................12

*Genentech v. Eli Lilly & Co.*,
　998 F.2d 931 (Fed. Cir. 1993) ...........................................................................6, 7, 11, 12

*Genfoot, Inc. v. Payless Shoesource, Inc.*,
　No. 03-398 (SLR), 2003 U.S. Dist. LEXIS 22437
　(D. Del. Dec. 2, 2003) ....................................................................................................11

*Minn. Mining & Mfg. Co. v. Norton, Co.*,
　929 F.2d 670 (Fed. Cir. 1991) ..........................................................................................9

*Miteq, Inc. v. Comtech Telecomm. Corp.*,
　No. 02-1336 (SLR), 2003 U.S. Dist. LEXIS 1015
　(D. Del. Jan. 23, 2003) .................................................................................7, 11, 12, 13

*Optical Recording Corp. v. Capitol-EMI Music, Inc.*,
　803 F. Supp. 971 (D. Del. 1992) ......................................................................................6

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
    678 F.2d 93 (9th Cir. 1982) .................................................................................... 6, 9

*Pall Corp. v. Bentley Labs., Inc.*,
    523 F. Supp. 450 (D. Del. 1981) ................................................................................. 10

*Public Serv. Comm'n v. Wycoff Co.*,
    344 U.S. 237 (1952) ..................................................................................................... 9

*Tex. Instruments v. Micron Semiconductor, Inc.*,
    815 F. Supp. 994 (E.D. Tex. 1993) ............................................................................... 6

**Statutes**

21 U.S.C. § 355 ................................................................................................................ 3, 4

28 U.S.C. § 1404(a) ............................................................................................................ 10

28 U.S.C. § 2201 ................................................................................................................... 8

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

On October 19, 2005 Shire Laboratories Inc. ("Shire") filed a Complaint against Barr Laboratories, Inc. ("Barr") and Impax Laboratories, Inc. ("Impax") in the United States District Court for the Southern District of New York (the "New York Action") alleging that Barr and Impax infringe U.S. Patent No. 6,913,768 ("the '768 patent"). Three weeks later, on November 9, 2005, Impax filed a declaratory judgment action in this Court against Shire seeking a declaration that Impax does not infringe the same '768 patent and that the '768 patent is invalid. Because the New York Action was first-filed and seeks to resolve the same issues raised in the present case, Shire moves to dismiss this action in favor of the first-filed New York Action. Alternatively, Shire seeks to transfer this action to the Southern District of New York. In support of its motion, Shire submits this Opening Brief.

2

## II. SUMMARY OF THE ARGUMENT

- Shire brought a first action against Barr and Impax in the Southern District of New York alleging infringement of its '768 patent.

- Impax's second-filed action in this Court seeks to duplicate the adjudication of the issues raised in the first-filed New York Action.

- This Court should follow the well-established "first-filed rule" and give preference to the New York Action.

- As Impax cannot prove the existence of any exceptional circumstances, this Court should dismiss or transfer the present action in favor of the first-filed New York Action.

## III. STATEMENT OF THE FACTS

### A. Shire's NDA, Patents and Adderall XR® Products

On October 11, 2001, Shire received approval for its NDA 21-303 covering pharmaceutical compositions containing mixed amphetamine salts for the treatment of Attention Deficit Hyperactivity Disorder ("ADHD"). Shire's approved drug is sold under the tradename Adderall XR®. This product has become the leading medication for treating ADHD.

Shire owns U.S. Patent No. 6,322,819 ("the '819 patent"), issued on November 27, 2001, and U.S. Patent No. 6,605,300 ("the '300 patent"), issued on August 12, 2003. Both patents cover Adderall XR®.

Barr and Impax have each submitted an Abbreviated New Drug Application ("ANDA") pursuant to § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) seeking permission to "engage in the commercial manufacture and sale of capsules containing a mixture of four amphetamine salts at the 5 mg, 10 mg, 15 mg, 20 mg, 25 mg and 30 mg strengths." (D.I. 1, Ex. C at ¶ 10, 20).

### B. The Ongoing '819 and '300 Patent New York Actions

In January 2003, Shire received a first Paragraph IV Notice Letter from Barr certifying that its ANDA product did not infringe the '819 patent. In February 2003, Shire sued Barr in the Southern District of New York asserting infringement of the '819 patent. A copy of the Complaint is attached as Exhibit A. (*Shire Labs. Inc. v. Barr Labs., Inc.*, 03-CV-1219 (S.D.N.Y.)). In August 2003, Shire received a second Paragraph IV Notice Letter from Barr certifying against the '300 patent. In September 2003, Shire brought a second action against Barr in the Southern District of New York for infringing the '300 patent. A copy of the Complaint is attached as Exhibit B. (*Shire Labs. Inc. v. Barr Labs., Inc.*, 03-CV-6632 (S.D.N.Y.)).

3

In December 2003, the Southern District of New York consolidated the two Shire actions against Barr into a single action. Fact and expert discovery has now been completed. Pleadings have been closed, and a joint pretrial order has been filed. A pretrial conference has been set for March 10, 2006.

Barr was the first generic company to file an ANDA with respect to both the '819 patent and the '300 patent. Pursuant to the provisions of the Hatch-Waxman Act, Barr may be entitled to 180 days of market exclusivity. *See generally* 21 U.S.C. § 355. Any other ANDA filers, including Impax, would be subject to and have to wait until any Barr exclusivity period expires prior to receiving final FDA approval and entering the market.

### C. The Ongoing '819 and '300 Patent Delaware Action

In November 2003, Shire received Impax's first Paragraph IV Notice Letter (third overall) certifying against both the '819 and '300 patents. In December 2003, Shire sued Impax in the District of Delaware asserting infringement of both patents. A copy of the Complaint is attached as Exhibit C. (*Shire Labs. Inc. v. Impax Labs., Inc.*, 03-CV-1164 (GMS) (D. Del.)). In December 2004, Shire received Impax's second Paragraph IV Notice Letter. Impax's second Notice Letter was directed to additional generic strengths of Adderall XR®. In January 2005, Shire commenced a second suit against Impax in the District of Delaware based upon Impax's additional generic products. A copy of the Complaint is attached as Exhibit D. (*Shire Labs. Inc. v. Impax Labs., Inc.*, 05-CV-20 (GMS) (D. Del.)). The Court consolidated the two Delaware actions on May 17, 2005. Fact and expert discovery has now been completed as to the consolidated cases. A joint pretrial order is to be filed in late January 2006. A pretrial conference is set for February 9, 2006, and a bench trial is scheduled to begin on February 23, 2006.

### D. The First-Filed '768 Patent New York Action

Shire is the also the owner of the '768 patent, which issued on July 5, 2005. (D.I. 1, Ex. C at ¶ 7. The '768 patent is directed to "a pharmaceutical composition comprising a once-a-day sustained release formulation of at least one or more pharmaceutically active amphetamine salts." (D.I. 1, Ex. C at ¶ 7). On October 19, 2005, Shire filed a Complaint against both Barr and Impax in the Southern District of New York seeking a declaration that both Barr and Impax infringe the '768 patent. A copy of the Complaint is attached as Exhibit E. (*Shire Labs. Inc. v. Barr Labs., Inc. and Impax Labs., Inc.*, 05-CV-8903 (S.D.N.Y.)). Capsules produced pursuant to Barr's or Impax's ANDA will infringe the '768 patent. Accordingly, Shire has sought a declaration in New York that both Barr and Impax infringe the '768 patent.

### E. The '768 Patent Delaware Action

Three weeks *after* Shire filed the New York Action, Impax filed the present action against Shire (the "Delaware Action") seeking a declaration that it does not infringe the '768 patent and that the '768 patent is invalid. (D.I. 1). This is the same '768 patent referenced above and the subject of the first-filed New York Action. While Impax raises numerous allegations unrelated to the '768 patent, Impax has only alleged two counts for declaratory judgment. Specifically, Impax states that the manufacture of products pursuant to its ANDA does not infringe the '768 patent (D.I. 1 at ¶ 39), and without more, that the '768 patent is invalid (D.I. 1 at ¶ 42). These very same issues will be part of the earlier-filed New York Action.

5

## IV. ARGUMENT

This Court has recognized that "[w]here two patent lawsuits involving the same claims are filed in different jurisdictions, the Federal Circuit requires that the first-filed action be given preference absent special circumstances." *Corixa Corp. v. IDEC Pharms. Corp.*, No. 01-615 (GMS), 2002 U.S. Dist. LEXIS 2980, at *3-4 (D. Del. Feb. 25, 2002) (citing *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)). For the reasons discussed below, and because Impax cannot demonstrate that there are any special circumstances, this Court should dismiss or transfer the Delaware Action in favor of the pending first-filed New York Action.

### A. The Impax Complaint for Declaratory Judgment Should Be Dismissed in Favor of Shire's Earlier-Filed Action

Federal district courts have coordinate jurisdiction and equal rank, and must exercise care to avoid interference with each other's affairs and duplicative litigation. *Tex. Instruments v. Micron Semiconductor, Inc.*, 815 F. Supp. 994 (E.D. Tex. 1993). The "first-to-file rule" is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Optical Recording Corp. v. Capitol-EMT Music, Inc.*, 803 F. Supp. 971, 972-73 (D. Del. 1992) (first-filed rule is a policy of comity to promote judicial efficiency by avoiding duplicate litigation). Pursuant to the first-filed rule and because dismissing this action will promote judicial efficiency, this Court should decline to exercise jurisdiction over the present case. Shire's motion should be granted.

6

### 1.  The First-Filed Rule Requires that This Court Decline Jurisdiction over the Present Dispute

Courts have consistently held that a second-filed action should be dismissed in favor of an earlier-filed action involving the same patent under the first-filed rule, "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Genentech*, 998 F.2d at 937. This Court has specifically noted that "the burden is on the plaintiff to present some exceptional circumstances why the court should depart from the first-filed rule." *Miteq, Inc. v. Comtech Telecomm. Corp.*, No. 02-1336 (SLR), 2003 U.S. Dist. LEXIS 1015, at *2 (D. Del. Jan. 23, 2003). Courts have repeatedly applied the first-filed rule to dismiss a second-filed action in favor of a first-filed suit when patent infringement and validity are at issue. For example, in *Genentech*, the Federal Circuit applied the first-filed rule in a case where the first-filed action was filed only one day before the second-filed action:

> the rule favoring the right of the first litigant to choose the forum, absent countervailing interests of justice or convenience, is supported by "[reasons] just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits."

998 F.2d at 938 (quoting *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 475 (3d Cir. 1942)). Because Impax will be unable to demonstrate that any special circumstances exist here, there is no reason for this Court to deviate from the well-settled first-filed rule.

Furthermore, consolidating enforcement of the '768 patent against Barr and Impax in the New York Action is the most efficient means to resolve the existing disputes between the parties. The Third Circuit has held that "public policy requires us to seek actively to avoid the waste of judicial time and energy" and, therefore, the court which first had jurisdiction over a subject must decide it. *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941).

7

This Court should decline to exercise jurisdiction over the second-filed case because allowing the New York Action to move forward will promote judicial economy and avoid duplication of efforts by the Southern District of New York and the District of Delaware.[1] Thus, where, as here, there are no exceptional circumstances, principles of judicial efficiency weigh in favor of dismissing this action in favor of the New York Action.

Finally, any issues raised by Impax in the present action can, and should, be resolved in the New York Action. Impax cannot demonstrate that the entire dispute cannot be resolved in the New York Action. Specifically, through the present action, Impax has sought a determination that it does not infringe the '768 patent and that the '768 patent is invalid. (D.I. 1). In the New York Action, Shire has alleged that Impax does infringe the '768 patent. (D.I. 1 at Ex. C). The present claims raised by Impax in the Delaware Action can properly be raised as defenses and counterclaims in the New York Action.

Accordingly, this Court should follow the well-established first-filed rule and decline to exercise jurisdiction in favor of the first-filed New York Action. This Court should give preference to the New York Action and grant Shire's motion.

### 2. This Court Should Decline to Hear a Second-Filed Declaratory Judgment Action

In addition to the first-filed rule noted above, this Court should also decline to exercise jurisdiction over the Delaware Action pursuant to the guidelines set forth in the Declaratory Judgment Act. The Declaratory Judgment Act, 28 U.S.C. Section 2201, provides, in pertinent part:

---

[1] On December 19, 2005, Barr moved pursuant to Rule 12 to dismiss Shire's Complaint in the New York Action based on lack of subject matter jurisdiction. Impax's answer is due in the New York Action on January 6, 2006. Impax, like Shire, has asserted that there is subject matter jurisdiction as to the ANDAs and the '768 patent.

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, <u>may</u> declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought (emphasis added).

The use of the word "may" in Section 2201 has been interpreted as meaning both that a court is authorized to declare legal rights and relations and that, in appropriate circumstances, it may decline to do so. *See Minn. Mining & Mfg. Co. v. Norton, Co.*, 929 F.2d 670, 672 (Fed. Cir. 1991). Indeed, the Supreme Court has held that jurisdiction under the Declaratory Judgment Act is discretionary and that the Act does not confer on a litigant an absolute right to be heard. *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952). "Declaratory relief is intended to serve a unique function in patent disputes, eliminating multiple litigation and protecting competitors from infringement actions that are threatened but not pursued." *Pacesetter*, 678 F.2d at 97. In contrast to those policies, Impax's second-filed declaratory judgment action multiplies litigation. It does not shield Impax from an unfair threat of an infringement action, but attempts to remove litigation from the forum chosen by Shire.

No useful purpose would be served by having two essentially identical actions pending simultaneously in two different courts. Where, as here, the same issues can be addressed in a prior-pending action, there is no necessity for the second-filed action and it becomes redundant. This Court, in the exercise of its sound judicial discretion, should decline to take jurisdiction over Impax's declaratory judgment complaint and grant Shire's motion.

### B.  In the Alternative, This Court Should Transfer the Delaware Action to the Southern District of New York

In the alternative, if the Court chooses to accept jurisdiction in this case, it should transfer this case to the Southern District of New York. Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer

9

any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Here, the interests of justice and the convenience of the parties dictate that the Delaware Action be transferred to the Southern District of New York. For this reason too, Shire's motion should be granted.

### 1. Both the Private and Public Interests Dictate that the Delaware Action Be Transferred to the Southern District of New York

Under prevailing Delaware precedent, the Court should consider both the private and public interests in deciding whether to transfer a case. *See APV N. Am., Inc. v. SIG Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 398 (D. Del. 2002). Both the public interests and the private interests of the parties weigh in favor of transferring this case to the Southern District of New York – the site of Shire's first-filed action against Barr and Impax.

#### a. The Public Interest Weighs in Favor of Transfer

When public interest and justice weigh strongly in favor of transferring a case, the Court should do so. *See Pall Corp. v. Bentley Labs., Inc.*, 523 F. Supp. 450, 453 (D. Del. 1981). It is also accepted that judicial efficiency and the possibility of inconsistent adjudications further dictate such a transfer. "The most significant criterion for deciding a motion to transfer is the interest of justice." *Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478, 483 (D. Del. 1987) (citations omitted). "Central" to this interest "is the maintenance of sound judicial administration and the conservation of judicial resources." *Id.* Thus, "suits involving the same legal and factual issues should be decided by one court and not permitted to proceed in two different courts." *Id.*

The same factual and legal issues exist in both the first-filed New York Action and the present Delaware Action. Simultaneously litigating the same issues in two different courts makes no sense. The New York Action and the Delaware Action involve the same patent and will necessarily involve the same infringement and validity issues. Duplicative litigation would

be a waste of precious judicial resources. Clearly these facts dictate that the Delaware Action should be transferred to the first-filed New York jurisdiction in the interests of justice.

### b. The Private Interests Weigh in Favor of Transfer

Transfer is also appropriate under a private interest analysis where the transfer will serve the convenience of the parties and the witnesses as well as the interest of justice. *Corixa*, 2002 U.S. Dist. LEXIS 2980, at *7-13. In *3Com Corp. v. D-Link Systems, Inc.*, C.A. No. 03-014-GMS, 2003 U.S. Dist. LEXIS 7120 (D. Del. Apr. 25, 2003), this Court held that, even though some of the defendant's products, including the product at issue, were sold in the District of Delaware, convenience, cost and expediency favored transfer.

As in the above referenced cases, convenience, cost and efficiency favor transfer to the first-filed jurisdiction. New York is as convenient a location as Delaware for the parties, the witnesses, and the documents. Furthermore, it benefits the parties and witnesses and is efficient for the Court to conduct all discovery related to the '768 patent in one case. Shire's motion to transfer to New York should be granted.

### C. Exceptional Circumstances Do Not Exist in the Present Case

This Court has continually applied the first-filed rule to at least transfer (if not dismiss) a second-filed action in favor of a first-filed suit when infringement and validity are at issue. *See, e.g., Genfoot, Inc. v. Payless Shoesource, Inc.*, No. 03-398 (SLR), 2003 U.S. Dist. LEXIS 22437, at *4 (D. Del. Dec. 2, 2003); *Miteq*, 2003 U.S. Dist. LEXIS 1015, at *4; *Corixa*, 2002 U.S. Dist. LEXIS 2980, at *3-4.

Both the Third Circuit and the Federal Circuit have adopted a policy that requires the existence of unusual or exceptional circumstances before departing from the first-filed rule. *See Crosley*, 130 F.2d at 475; *Genentech*, 998 F.2d at 937. In an effort to preserve the Delaware

Action in spite of the first-filed rule, Impax will likely argue that exceptional circumstances exist. They do not. Exceptional circumstances such as bad faith, forum shopping, anticipatory filing, and/or the further development of the second-filed action are not present in this case. *See EEOC v. Univ. of Pa.*, 850 F.2d 969, 976 (3d Cir. 1988); *see also Genentech*, 998 F.2d at 937.

The party opposing application of the first-filed rule bears the burden of demonstrating that exceptional circumstances justify a departure from the rule. *See Arrow Comm. Labs., Inc. v. John Mezzalingua Assocs. Inc.*, No. 05-357 (SLR), 2005 U.S. Dist. LEXIS 25004, at *9 (D. Del. Oct. 26, 2005); *Miteq*, 2003 U.S. Dist. LEXIS 1015, at *4. The burden belongs to Impax. As no exceptional circumstances exist, Impax will be unable to meet this burden. Shire's motion should be granted.

### 1. Shire Had Sound Reasons for Bringing the First-Filed Action in the Southern District of New York

Shire filed the New York Action as a single infringement suit in the Southern District of New York against <u>both</u> Barr and Impax. As discussed above, Shire was already involved in patent litigations in the Southern District of New York against Barr. Barr was the first to file its ANDA and the first to send a Paragraph IV Notice Letter to Shire regarding both the '819 and '300 patents. Accordingly, Barr was the first party Shire sued for infringing both the '819 and '300 patents. Shire chose to file the '768 infringement suit in the jurisdiction in which Shire and Barr were already litigating, namely the Southern District of New York. Shire had sound reasons for bringing the first-filed action in the Southern District of New York against both Barr and Impax.

### 2. Impax Would Not Be Inconvenienced by Dismissal or Transfer

Impax can offer no evidence of inconvenience as a result of Shire's choice of forum. Impax is headquartered in California, and litigating in New York will not cause any

inconvenience to Impax as the difference in travel time between California and Delaware and California and New York is negligible. The convenience of the witnesses and the location of the documents will not be affected by a transfer to New York for the same reasons. Moreover, Impax's patent counsel, Kenyon & Kenyon, has an office in New York City, just blocks from the Federal Courthouse. If anything, Shire will be inconvenienced if the inventors and related Shire individuals have to be deposed multiple times in two different proceedings. Likewise, producing the same documents a second time is equally inefficient.

Even if Impax could present evidence of inconvenience, which we do not believe they can, "mere inconvenience to one party does not rise to the level of exceptional circumstances that would require the court to depart from the well-established principles of the first-filed rule." *Miteq*, 2003 U.S. Dist. LEXIS 1015, at *5. Accordingly, there is no basis to deviate from the first-filed rule. Shire's motion should be granted.

## V. CONCLUSION

For the foregoing reasons, Shire respectfully requests that this Court decline to exercise jurisdiction over this case and dismiss it in favor of the first-filed action in the Southern District of New York. In the alternative, Shire respectfully requests that this Court transfer this action to the Southern District of New York.

|  |  |
|---|---|
|  | *Kelly E. Farnan* (signature) |
|  | Frederick L. Cottrell, III (#2555) |
|  | cottrell@rlf.com |
|  | Kelly E. Farnan (#4395) |
|  | farnan@rlf.com |
|  | Richards, Layton & Finger, P.A. |
| Of Counsel: | One Rodney Square |
| Edgar H. Haug | P.O. Box 551 |
| Steven M. Amundson | Wilmington, Delaware 19899 |
| Porter F. Fleming | Telephone: (302) 651-7700 |
| Sandra Kuzmich | Facsimile: (302) 651-7701 |
| Frommer Lawrence & Haug LLP |  |
| 745 Fifth Avenue |  |
| New York, New York 10151 |  |
| Telephone: (212) 588-0800 |  |
| Facsimile: (212) 588-0500 |  |
|  | Attorneys for Defendant |
| Dated: December 22, 2005 | *Shire Laboratories Inc.* |

14